IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARTY HOPPEL, <br><br> Defendant. | CR-08-28-BLG-BMM <br><br> **ORDER** |

Defendant Marty Hoppel moved for early termination of his supervised release on May 10, 2019. (Doc. 108) The Government does not oppose the motion. *Id*. at 6. The Court conducted a hearing on May 22, 2019.

Hoppel pleaded guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, as charged as Count I of the Indictment on April 9, 2009. (Doc. 80.) The Court sentenced Hoppel to a term of imprisonment of 120 months followed by five years of supervised release. (Docs. 91, 92.) Hoppel filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) on March 19, 2015. (Doc. 100.) The Court denied Hoppel's motion on May 7, 2015. (Doc. 101.) Hoppel began his period of supervision on October 7, 2017. (Doc. 108 at 4.)

1

A defendant, who has successfully completed one year of his supervision, is authorized to move for termination of her supervised release. 18 U.S.C. §§ 3564(c), 3583(e)(1). The Court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Court may terminate a defendant's supervision, if after looking at the 18 U.S.C. § 3553(a) factors, the Court finds that termination is "warranted by the conduct of the defendant and the interests of justice." 18 U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e)(1).

The Bureau of Prisons housed Hoppel at its USP Beaumont facility. (Doc. 108 at 2.) During his period of incarceration Hoppel completed successfully the Challenge Program, a nine month cognitive-behavioral, residential treatment program. *Id*. at 3. The Challenge Program requires the inmate to complete courses on violence prevention, recovery maintenance, the inmate's drug use, and relapse prevention. *Id*. Hoppel served as a mentor for the Challenge Program for six months following his successful completion of the program. *Id*.

Hoppel further participated in numerous other programs during his period of incarceration. *Id*. Hoppel completed successfully a non-residential drug and alcohol education course, a CDL class, financial awareness workshops, and various adult continuing education courses. *Id*. at 3-4. Hoppel likewise participated in

Alcoholics Anonymous/ Narcotics Anonymous, Scream Free Parenting, and Anger Management. *Id*. at 3.

Hoppel has remained gainfully employed since he began his period of supervision. *Id*. at 4. His current employer describes Hoppel as dependable and reliable employee who possesses "a willingness to do whatever is asked of him." *Id*. at 5. Hoppel has also remained complaint during his term of supervision. Hoppel's counsel represents that United States Probation Officer ("USPO") Brian Hill has noted that "there have been no documented violations of supervision, formal or informal, nor positive urinalysis tests during [Hoppel's] period of supervision." *Id*. USPO Hill "whole-heartedly supports [Hoppel's] petition to terminate early his period of supervision." *Id*. The Court finds that early termination of Hoppel's supervised release serves the interests of justice.

Accordingly, IT IS ORDERED:

Hoppel's Motion for Early Termination of Supervised Release (Doc. 108) is GRANTED. Edwards is DISCHARGED from supervised release.

DATED this 22nd day of May, 2019.

Brian Morris
United States District Court Judge